The final matter set for oral argument today is Katz v. Cellco. May it please the Court, William Weinstein for Appellant Michael Katz. The issue in this appeal is whether or not the Constitution, and specifically the Due Process Clause of the Fifth Amendment, applies to arbitration under the Federal Arbitration Act. The district court said no for two reasons. First, the district court rejected the applicability of the wellness standard of voluntary consent. Kagan. We're talking about an agreement to arbitrate between a private entity, Verizon, and Mr. Katz, correct? That's correct. And so why do we get to anything about welcome and about Article III? Why are we looking at the Constitution at all? The question is whether or not a written agreement under Federal law is enforceable. That is the issue under all written agreements. And here wellness says that an agreement to a non-Article III adjudication, which includes arbitration, and wellness is the first time that they've actually clearly linked arbitration. Wellness talks about bankruptcy, but it starts out with arbitration by consent. Justice Alito talks about the fact that there are compulsory counterclaims on its terms. I mean, there you were dealing with compulsory bankruptcy counterclaims. It's undisputed in this case, Your Honor, that it's also involuntary. That is, that you don't have the right to choose. No, no. That's not quite the case. This is a voluntary decision to deal with Verizon or not on its terms. Now, certainly Verizon wasn't going to deal with you except on its terms, but one was not compelled to deal with Verizon. One could walk away. Well, if that is the standard that they're applying in wellness, I think that wellness says that you have to have a choice, and it has to be presented to you by the party who's on the opposite side of the bilateral contract. There is no choice here. Obviously, the ---- Mr. Katz has the option not to deal with Verizon at all, doesn't he? If that ---- if that is the stand ---- well, Mr. Katz was ---- Yes? Mr. Katz was in the ---- Yes? Yes. The answer is he could have withdrawn his contracts. He could have withdrawn his phone. I'm asking you, does Mr. Katz have the option of not dealing with Verizon at all, yes or no? Yes. Thank you. Okay. But that doesn't mean that he has a choice in connection with the agreement to enter into the arbitration agreement itself, because his choice is ---- because the choice in a bilateral contract is whether or not he has the right to refuse with respect to Verizon. We are all signing contracts like this every day. Correct. We have shrink-rack contracts, and it winds up the same way. I'm being ---- we are all being subjected to exactly this successfully with no legal law on the other side that I'm aware of. Otherwise, I would use it. And I don't understand why this case is somehow different from all those other cases where you sign up with somebody, and you got to, you know, read the fine print, and you're liable for it. It's ---- if there's something to be done about it, I would think it's not by our finding a constitutional dimension to it, but rather by Congress passing a law, no? Every arbitration agreement involves a waiver of the right to the Article III power, the right to a trial by jury, and the right to due process under the Fifth Amendment. There's no reason to distinguish between an arbitration agreement and any other agreement. Is Verizon a State actor? Verizon is not a State actor, but the denial of due process here involves multiple actions by the government. It involves the imposition by Congress of Section 10A4, the limited judicial review. It involves the interpretation of 10A4 by the courts. It involves the district court's application. Who is the State actor here who's denying due process? What we're talking about is, well, Congress and the courts together in enforcing the judgment. You're not making a challenge to the statutes? Actually, what we're challenging is the involuntary application to the statutes. That's correct. We are not challenging. And, in fact, the statute on its face, if it's voluntary, we have no problem with its enforcement. If you agree voluntarily ---- You have a very different sort of claim against a very different defendant. But let's hear your ---- let's hear your appeal on the case you brought. And remember that to the extent that you have courts engaging in enforcements of judgments, even though the judgment are between private parties or private actors, the extent of the involvement of the courts and Congress, if need be, but the courts, can constitute sufficient entanglement to constitute ---- Do you have a case, or do you, that says that because the court enforces a judgment against private actors, that that converts the private actor into a State actor? No. What it says ---- what it says is that the involvement of the courts does constitute sufficient involvement to be State action, that it is ---- By whom? By the courts. You haven't brought an action against any court. Counsel, stick with your case. Why don't you tell us what the error is in your case? Well, all right. First of all, the error is not accepting wellness, although we believe that the standard under wellness requires you to have a choice with the party that you enter into. That is the standard that they say, the right to refuse. And, yes, I understand that everybody enters into all of these contracts every day. And none of us have any choice with respect to entering into them. Being bound by their ---- You have a choice to not enter into them. Well, but you really don't have a choice with respect to cell phones. And you really don't ---- But you do if you want the service. If you don't want the service, if you don't want the contract, you reject the service. That may be an undesirable scenario, but it's not one that has no choice. The ---- actually, none of us have any choice anymore. I believe the Supreme Court recognized in one of the GPS cases that nobody has a choice with respect to cell phones anymore. Chief Justice Roberts said nobody has a choice to enter into cell phone contracts. That's more like an antitrust claim to me. Yeah. No. That particular claim is in connection with whether or not a party has voluntarily entered into a contract with respect to a cell phone. And Chief Justice Roberts said that, in reality, a cell phone is like an appendage and confirmed that his understanding of that decision in a subsequent decision we cite to ---- That was Riley's search case. It has nothing to do with the contract. Well, but it has to do with voluntariness in entering into a contract to get a cell phone. We contend that ---- Thank you very much. You have one minute rebuttal. We have another case scheduled for argument in five minutes shortly here, so we'd like to hear from counsel for Verizon. Good morning, Your Honor. Lee Schachter, representing Verizon. I want to emphasize at the outset that Plaintiff has never disputed from the beginning of this case that he entered into an enforceable contract as a matter of New York law, and that, in addition, that under the Federal Arbitration Act, as interpreted by the Supreme Court, that the ---- that contract to an agreement to arbitrate must be enforced, absent his constitutional argument. So his claim that this was an involuntary contract, that it wasn't a voluntary agreement, that's not entirely accurate, because if it was, in fact, not a voluntary agreement, he could have claimed that this was not a valid contract under New York law. He could have claimed that it was a contract, an unconscionable contract. He didn't argue. He has never put forward that argument. The only question here is whether it somehow violates the Constitution to enforce a private agreement to arbitrate. And I would submit, Your Honors, this Court can decide this case on a relatively narrow and simple basis, which is, as the district court held below, that the argument presented here is barred by the law of the case doctrine. At the outset of this case, Mr. Katz argued that enforcement of the arbitration clause would violate his rights under Article III of the Constitution. Judge Bracetti held at that point that, based on this Court's clear precedent in desiderio perpetual securities, that enforcement of an arbitration clause did not involve State action. And that decision is dispositive of this opinion, because although he is making the argument under a different contract under a different constitutional provision, due process, under Article III, the need for State action is common, as this Court and the Supreme Court have held on numerous occasions, that the need for State action is clearly required under any circumstances to assert a claim under the Constitution. Your Honors, unless you have any questions, I would rest on our papers. Thank you very much. Mr. Weinstein, you have one minute rebuttal. If a constitutional right can be waived without the right to refuse to waive that right, that violates wellness. Any private agreement, including the private agreement that was at issue in Overmyer v. Frick, involved a Federal question whether or not that contract was enforceable. Regardless of whether it was adhesive or not, they said, is it knowing voluntary and knowing involuntary. There's no reason that a contract for arbitration is supposed to be elevated over all of these other contracts. If the Federal law — if the law is that a Federal question governs the enforceability of a contract for the purposes of waiving a constitutional right, then that should apply equally to an arbitration agreement. The purpose of the Federal Arbitration Act was not to elevate arbitration agreements above any other agreements. It was to treat them equally. And there are a number of contracts that have been held to not be enforceable because they are not knowing involuntarily entered into. Wellness provides the context for determining in the context of arbitration what that standard is. Thank you very much. Thank you, Your Honor. We'll take the matter under advisement. That concludes our matter set for oral argument today. We have one more case, Rogers v. Borkowski, which is on submission.